# EXHIBIT 1



**CT Corporation**
**Service of Process Notification**
11/21/2022
CT Log Number 542709590

## Service of Process Transmittal Summary

**TO:** Ben Sullivan
Diversified Gas & Oil
414 SUMMERS ST
CHARLESTON, WV 25301-1621

**RE:** Process Served in Ohio

**FOR:** Diversified Production LLC (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BOBCAT NORTH LIMA, LLC And BOBCAT COITSVILLE, LLC vs. DIVERSIFIED GAS & OIL CORPORATION |
| **CASE #:** | 2022CV02049 |
| **PROCESS SERVED ON:** | C T Corporation System, Columbus, OH |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 11/21/2022 |
| **JURISDICTION SERVED:** | Ohio |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Ben Sullivan bsullivan@dgoc.com |
| | Email Notification, Ashley Batten abatten@dgoc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1

IF UNDELIVERABLE RETURN TO

**ANTHONY VIVO**

Mahoning County Clerk of Courts
120 MARKET STREET, YOUGNSTOWN OHIO 44503-1756



CERTIFIED MAIL

9414 7266 9904 2203 7299 12



US POSTAGE (TM) PITNEY BOWES

ZIP 44503
02 4W
0000362976 NOV. 15. 2022.

$ 008.06

2022 CV 02049
9414 7266 9904 2203 7299 12

DIVERSIFIED PRODUCTION, LLC
C/O CT CORP SYSTEM
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH 43219     299

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

## SUMMONS ON COMPLAINT

Rule 4 Ohio Rules of Civil Procedure

========*========

Case No. 2022 CV 02049

| BOBCAT NORTH LIMA LLC | -vs- | DIVERSIFIED GAS AND OIL CORP |
| 4137 BOARDMAN-CANFIELD ROAD | | C/O CT CORP SYSTEM |
| SUITE LL3 | | 4400 EASTON COMMONS WAY |
| CANFIELD, OH 44406 | | COLUMBUS, OH 43219 |

TO: **DIVERSIFIED PRODUCTION LLC**

**C/O CT CORP SYSTEM**
**4400 EASTON COMMONS WAY**
**COLUMBUS, OH 43219**

Defendant

To the above named defendant(s): (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff('s') attorney is as follows:

MATTHEW W ONEST ESQ
4775 MUNSON ST NW
P O BOX 36963
CANTON OH 44735

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

ANTHONY VIVO
Mahoning County Clerk of Courts

November 15, 2022

By: N. Dascenzo
Deputy Clerk

Summons issued to additional defendants:

DIVERSIFIED GAS AND OIL CORP

ELECTRONICALLY FILED
2022 Nov 14 AM 11:28
Anthony P. Vivo, CLERK OF COURT - MAHONING

# IN THE COMMON PLEAS COURT
# MAHONING COUNTY, OHIO

| | |
|---|---|
| **BOBCAT NORTH LIMA, LLC**<br>4137 Boardman-Canfield Road<br>Suite LL3<br>Canfield, Ohio 44406<br><br>And<br><br>**BOBCAT COITSVILLE, LLC**<br>4137 Boardman-Canfield Road<br>Suite LL3<br>Canfield, Ohio 44406<br><br>  Plaintiffs,<br><br>v.<br><br>**DIVERSIFIED GAS & OIL CORPORATION**<br>c/o<br>CT Corporation System<br>4400 Easton Commons Way STE 125,<br>Columbus, Ohio 43219<br><br>And<br><br>**DIVERSIFIED PRODUCTION, LLC**<br>c/o<br>CT Corporation System<br>4400 Easton Commons Way STE 125,<br>Columbus, Ohio 43219<br><br>  Defendants. | Case No. 22CV2049<br><br>Judge KRICHBAUM<br><br>**COMPLAINT**<br><br>Action for Declaratory Judgment and Breach of Contract |

Plaintiffs, Bobcat North Lima, LLC and Bobcat Coitsville, LLC ("Plaintiffs") states as follows for their Complaint:

{03515326-1 / 037052-000001} 2022 CV 02049

## PARTIES AND VENUE

1. Plaintiff, Bobcat North Lima, LLC, is an Ohio limited liability company, whose principal place of business is 4137 Boardman-Canfield Road, Suite LL3, Canfield, Ohio 44406, that owns certain oil and gas disposal wells subject of this complaint located in Mahoning County, Ohio.

2. Plaintiff, Bobcat Coitsville, LLC, is an Ohio limited liability company, whose principal place of business is 4137 Boardman-Canfield Road, Suite LL3, Canfield, Ohio 44406, that owns certain oil and gas disposal wells subject of this complaint located in Mahoning County, Ohio.

3. Defendant, Diversified Gas & Oil Corporation, is a Delaware corporation that is licensed to do business in the State of Ohio and has engaged in or has sufficient minimum contacts with the State of Ohio (detailed below) to justify the Court's exercise of personal jurisdiction over it.

4. Defendant, Diversified Production, LLC, is a Pennsylvania limited liability company that is licensed to do business in the State of Ohio and has engaged in or has sufficient minimum contacts with the State of Ohio (detailed below) to justify the Court's exercise of personal jurisdiction over it.

5. Upon information and belief, Diversified Gas & Oil Corporation has offices at 1800 Corporate Drive, Birmingham, Alabama 35242.

6. Upon information and belief, Diversified Production, LLC has offices at 1800 Corporate Drive, Birmingham, Alabama 35242.

7. Venue is appropriate in this Court under Civ.R. 3(B)(3), (5), and (6).

## FACTUAL BACKGROUND

8. Plaintiffs operate two wastewater injection and disposal facilities in Ohio: (1) The Northstar Lucky #4 Well (SWIS #12), API # 34-0992-3158-00-00, located in Beaver Township, Mahoning County, Ohio and (2) The Northstar Collins #6 (SWIW #13), API #34-099-2-3171-00-00, located in Coitsville Township, Mahoning County, Ohio (the "Bobcat Facilities").

9. Defendants own and operate oil and gas production wells in Ohio and other states which are located within the Appalachian Basin.

10. On August 19, 2020, Plaintiffs and Defendants entered into a Water Disposal Contract ("Contract").

11. Plaintiffs have not attached a copy of the Contract to this Complaint because it contains a confidentiality provision which prevents, at this time, the filing of the Contract in a public manner.

12. Defendants have a copy of the Contract.

13. Plaintiffs are entitled to cite to those portions of the Contract which are at issue in this lawsuit.

14. Plaintiffs will file a copy of the Contract with Defendants' consent or with the Court's leave to file it under seal.

15. The Contract bound the Plaintiffs.

16. The Contract bound the Defendants and all of Diversified Gas & Oil Corporation's subsidiaries, including Diversified Production, LLC.

17. Under Section 3 of the Contract, Defendants provided Plaintiffs with a right of first refusal on all Defendants' brine water for Defendants' wells.

18. Defendants were to make available that wastewater for disposal at one of the two Bobcat Facilities.

19. Defendants were not permitted to divert wastewater otherwise subject to the Contract to other disposal wells unless Defendants first offered the water to Plaintiffs and Plaintiffs rejected the water.

20. The Contract was and is effective from July 1, 2020 through December 31, 2023.

21. Section 8 of the Contract set certain fees, which could then be adjusted going forward.

22. The parties operated under the Contract without issue from July 2020 until March 2022.

23. Plaintiffs provided reliable service under the Contract and at all times complied with the Contract's terms, conditions, and obligations.

24. In March 2022, Defendants sent an email to Plaintiffs attempting to terminate the Contract.

25. Plaintiffs are not attaching the March 2022 email because that email discusses specific provisions of the Contract and Plaintiffs do not want any claim that they are breaching the Contract's confidentiality provision.

26. Defendants claimed that they did not receive the 24-hour notice for non-acceptance of water deliveries which Defendants claimed was required under the Contract.

27. Defendants claimed they could terminate the Contract under Section 14

of the Contract.

28. Section 14 of the Contract specifies certain termination events.

29. Section 14(a) provides for termination without cause events or standards.

30. Section 14(b) provides termination as a result of defaults and a failure to cure defaults.

31. Section 14(b) lists three different default events.

32. Plaintiffs did not breach any of the events listed under Section 14(b).

33. Defendants never sent Plaintiffs a Default Notification and request for a cure of default required under Section 14(b).

34. Section 14(c) provides Defendants with a limited right to terminate the Contract for cause under Section 8(b) and Section 13 of the Contract.

35. Defendants never claimed that they were entitled to terminate the Contract under either Section 8(b) or Section 13.

36. Plaintiffs responded to that email pointing out why Defendants could not terminate the Contract and also placed Defendants on notice that it had breached the Contract by delivering water to other facilities in violation of Plaintiffs' right of first refusal.

37. Plaintiffs are not attaching their response email because that email discusses specific provisions of the Contract and Plaintiffs do not want any claim that they are breaching the Contract's confidentiality provision.

38. The Bobcat Facilities are reliable disposal facilities.

39. Plaintiffs have been operational since November of 2015.

40. During the period of time at issue, specifically in late 2021 and early 2022, Plaintiffs continually provided professional services 24-hours-a-day, 7-days-a-week, 365-days-a-year to 11 clients.

41. The above operations periods were consistent with the exception of noted down time for routine maintenance or down time relating to matters outside Plaintiffs' control.

42. During the relevant period, Plaintiffs disposed of 2,379,028 barrels of water.

43. Plaintiffs operated the Bobcat Facilities 365 days in 2020.

44. Plaintiffs operated the Bobcat Facilities 327 days in 2021.

45. In 2021, there were 30 days scheduled shut down for operational upgrades on the Bobcat Facilities.

46. As of the March 14, 2022 (the date of Defendants' email attempting (albeit without merit) to terminate the Contract, Plaintiffs had operated the Bobcat Facilities for 69 days, with two days non-operational for scheduled maintenance.

47. Plaintiffs' operations data equates to a 98.2% operational success rate.

48. It was very apparent that when Plaintiffs were discussing their business relationship with Defendants that Defendants' intent was to discredit Plaintiffs and to position Defendants to proceed with a wrongful contract termination claim.

49. Defendants continued to use the Bobcat Facilities after Defendants' alleged, so called unreliable capacity restraint events.

50. The few times that Plaintiffs notified Defendants of a capacity restraint was as a courtesy.

51. Plaintiffs were not obligated to provide those notices.

52. The alleged capacity restraints were a direct result of improper scheduling by Defendants and or lack of notifications by Defendants, not by Plaintiffs' actions or inactions.

53. The 24-hour notice of a capacity restraint falls under Section 4 of the Contract and relates only to volumes that Defendants notified Plaintiffs about 48 hours prior to delivery.

54. Without proper notification, Plaintiffs were not obligated to notify Defendants of any capacity restraints.

55. Plaintiffs schedule capacity based on their clients' notifications so that they can maximize their business and accommodate their clients' needs.

56. Plaintiffs learned that Defendants have been diverting water to other disposal facilities in violation of Plaintiffs' right of first refusal under the Contract.

57. Defendants were required to provide that water to Plaintiffs and then Plaintiffs were required to either accept the water or reject the water under the terms of the Contract.

58. Defendants' failure to offer that water breaches the Contract and as damaged Plaintiffs.

## CAUSES OF ACTION
### COUNT I – DECLARATORY JUDGMENT

59. Plaintiffs reassert every allegation of this Complaint as if stated

verbatim herein.

60. Under R.C. 2721.02, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.

61. Under R.C. 2721.03, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

62. A declaratory judgment action is proper if: (1) the action is within the scope of the Ohio Declaratory Judgment Act; (2) a justiciable controversy exists between adverse parties; and (3) speedy relief is necessary to preserve rights that may otherwise be impaired. *Freedom Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202, 204 (1997).

63. Defendants claim they terminated the Contract in March 2022 under Section 14 of the Contract.

64. Plaintiffs claim that the Contract is still valid, has not been terminated, and is not subject to termination by Defendants under Section 14.

65. A justiciable controversy exists between the parties as to whether Defendants terminated the Contract.

66. Defendants continue to produce waste water from the oil and gas wells subject to the Contract.

67. The Contract's term is still in effective and runs through December 31, 2023.

68. This Honorable Court should declare that: (1) that Defendants were not entitled and are not entitled to terminate the Contract; (2) that Defendants' March 2022 email was not a proper default notification required under Section 14 of the Contract; (3) that the Contract is still in effect; and (4) Defendants are required to offer all subject waste water to Plaintiffs to be disposed of at the Bobcat Facilities.

## COUNT II – BREACH OF CONTRACT

69. Plaintiffs reassert every allegation of this Complaint as if stated verbatim herein.

70. The Contract is a valid contract between the Plaintiffs and Defendants.

71. Plaintiffs have fully performed under the Contract.

72. Defendants have breached the Contract by failing to offer all waste water produced by the oil and gas wells subject to the Contract to Plaintiffs for disposal at the Bobcat Facilities.

73. As a direct and proximate result of Defendants' breaches of contract, Plaintiffs have suffered damages in excess of $25,000.00, to be determined at trial.

74. Defendants should be ordered to provide to Plaintiffs a full accounting of all waste water produced by the oil and gas wells subject to the Contract which Defendants diverted away from Plaintiffs so that Plaintiffs can fully assess their

damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request relief as follows:

a. A declaration that: (1) that Defendants were not entitled and are not entitled to terminate the Contract; (2) that Defendants' March 2022 email was not a proper default notification required under Section 14 of the Contract; (3) that the Contract is still in effect; and (4) Defendants are required to offer all subject waste water to Plaintiffs to be disposed of at the Bobcat Facilities.

b. An award of damages against Defendants, joint and severally, in excess of $25,000.00, to be determined at trial

c. Pre- and post-judgment interest;

d. Reasonable attorneys' fees;

e. Equitable and/or injunctive relief for providing an accounting of all waste water that Defendants diverted from Plaintiffs;

f. Such other and further relief to which Plaintiffs may be entitled.

                                  *s/ Matthew W. Onest*
Matthew W. Onest (0087907), of
Krugliak, Wilkins, Griffiths &
    Dougherty Co. L.P.A.
6715 Tippecanoe Road, 2C
Canfield, Ohio 44406
Direct Dial: 330-244-4498
Canfield Phone: 330-286-7065
Toll Free: 1-877-876-9958
Fax: 330-244-4498
monest@kwgd.com

*Attorneys for Plaintiffs*

## INSTRUCTIONS FOR SERVICE

TO THE CLERK OF COURTS:

Please issue Summons, together with a copy of the foregoing Complaint, to be served upon the Defendants at the addresses as set forth in the above caption by certified mail, return receipt requested, and make the same returnable according to law.

*s/ Matthew W. Onest*
Matthew W. Onest (0087907), of
Krugliak, Wilkins, Griffiths &
Dougherty Co. L.P.A.

*Attorneys for Plaintiffs*
